[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17114

_____

D. C. Docket No. 04-60453-CV-JIC

AKERS BIOSCIENCES, INC.,
A foreign corporation,

                                        Plaintiff-Counter-defendant-
                                        Appellee,

                            versus

TUNDRA MANAGEMENT LTD.,
an unregistered foreign company doing
business in Florida,

                                        Defendant,

ALLIANCE INVESTMENT MANAGEMENT,
LTD., an unregistered foreign company doing
business in Florida,

                                        Defendant-Counter-claimant-
                                        Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 1, 2007)**

Before BIRCH and FAY, Circuit Judges, and DUFFEY,* District Judge.

_____
*Honorable William S. Duffey, Jr., United States District Judge for the Northern District of Georgia,
sitting by designation.

PER CURIAM:

This appeal stems from a three party financial arrangement between Akers Biosciences, Alliance Investment and Tundra. Akers borrowed money from Tundra and deposited 2.8 million shares of its stock as collateral. Tundra, in turn, had the stock delivered to Alliance Investment with instructions to sell it and use the proceeds in furtherance of Tundra's business arrangement. The core question in this litigation was whether or not Alliance Investment knew that under the terms of the loan between Tundra and Akers Biosciences the stock was not to be sold unless there was a default in the payments due on the loan.

Akers Biosciences sued Alliance Investment alleging a breach of escrow and fraudulent omission. Alliance Investment counterclaimed alleging fraudulent and negligent misrepresentations. A jury trial ensued with verdicts denying recovery to either party.

Alliance Investment brings this appeal raising three issues:

1. Whether the district court erred in precluding Alliance from asserting its rights as a holder in due course of the collateral shares.

2. Whether the district court erred in submitting Aker's fraudulent omission claim to the jury absent any evidence to establish the existence of a confidential relationship between Alliance and Akers.

3.  Whether the district court erred in not ordering a new trial where the jury's finding that Akers did not misrepresent the negotiability of the collateral shares was against the clear and manifest weight of the evidence.

After studying the parties briefs, hearing oral argument and reviewing the record, we find no merit in these contentions.  There were no errors in the rulings of the district court, the case was properly submitted to the jury which resolved key issues of credibility and the record supports the judgments entered.

**AFFIRMED.**